24-67-cr
*United States v. Acevedo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                           24-67-cr

JOSE ACEVEDO,

> *Defendant-Appellant.*

---

FOR APPELLEE:                                    LISA DANIELS (Nathan Rehn, *on the brief*), Assistant United States

Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:     KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 22, 2023 is **AFFIRMED**.

Defendant-Appellant Jose Acevedo ("Acevedo") appeals from the December 22, 2023 judgment of the district court. After Acevedo pleaded guilty to two counts of 18 U.S.C. § 922(g)(1) for knowingly possessing a firearm (count one) and ammunition (count two) as a felon, the district court sentenced Acevedo to concurrent terms of 96 months of imprisonment followed by three years of supervised release on each count of conviction. On appeal, Acevedo challenges his sentence on two grounds, arguing (1) that § 922(g)(1) is unconstitutional, both facially and as applied to him, and (2) that the district court committed procedural error when calculating his base offense level under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 2K2.1(a)(2). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

2

## I. Constitutionality of 18 U.S.C. § 922(g)(1)

Acevedo first challenges the constitutionality of his § 922(g)(1) conviction, citing to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But our recent decision in *Zherka v. Bondi* forecloses Acevedo's arguments. *See* 140 F.4th 68, 75, 93, 96 (2d Cir. 2025) (holding that § 922(g)(1) is constitutional both facially and as applied to convicted felons, regardless of whether the crime of conviction is violent or nonviolent). Because our reasoning in *Zherka* applies with equal force here, Acevedo's facial and as applied challenges to the constitutionality of § 922(g)(1) fail.

## II. Procedural Error

We review a sentence on appeal for procedural reasonableness. *United States v. Castillo*, 36 F.4th 431, 435 (2d Cir. 2022). "A sentence is procedurally unreasonable when the district court has committed a significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. §] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Cooper*, 131 F.4th 127, 130 (2d Cir. 2025) (internal quotations omitted). We review questions of law regarding the district court's sentencing Guidelines calculations *de novo*, including whether a prior conviction constitutes a "crime of violence" under the Guidelines. *United States v. Brown*, 945 F.3d 72, 75 (2d Cir. 2019). However, "[p]reserved

3

errors in calculating the Guidelines are subject to harmless error review." *Id.* (citing Fed. R. Crim. P. 52(a)).

Acevedo argues that the district court committed procedural error by increasing his base offense level for "sustaining at least two felony convictions" of a "crime of violence" pursuant to U.S.S.G. § 2K2.1(a)(2) when calculating Acevedo's sentencing Guidelines range at 130-to-162 months' imprisonment. In calculating the Guidelines range, the district court rejected Acevedo's argument that his previous attempted second-degree robbery conviction did not qualify as a predicate "crime of violence" following the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). Instead, the district court determined that Acevedo's prior convictions for: (a) attempted first-degree assault, in violation of N.Y. Penal Law § 120.10(1), and (b) attempted second-degree robbery, in violation of N.Y. Penal Law § 160.10(2)(a), both qualified as "crimes of violence," as defined by U.S.S.G. § 4B1.2(a) and Application Note 1 of the commentary to § 4B1.2.

We discern no error in the district court's conclusion that Acevedo's prior convictions are crimes of violence under the Guidelines. But even if Acevedo were correct, we conclude that any potential error was harmless. In imposing Acevedo's below-Guidelines sentence, the district carefully explained its sentencing decision. Relevant here, the district court stated that, in light of Acevedo's overall criminal history and the sentencing factors set forth in 18 U.S.C. § 3553(a), it would have "upwardly"

4

varied to reach the same sentence if it had agreed with Acevedo and determined that his attempted robbery conviction was not a crime of violence. App'x at 249, 253. Because the sentencing record shows "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range," *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016), we conclude that the district court did not commit procedural error.

*    *    *

We have considered Acevedo's remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court